IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

EDUARDO LARA-VALDEZ                                                    PETITIONER

v.                              NO. 2:06CV00014 JFF

LINDA SANDERS,
Warden, FCI-Forrest City                                               RESPONDENT

**MEMORANDUM AND ORDER**

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Court dismisses the petition with prejudice.

Petitioner was arrested by Nebraska state authorities on April 18, 2002, on a state drug conspiracy charge. On May 22, 2002, Petitioner was indicted in the United States District Court for the District of Nebraska on the charges of conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine. The conduct forming the basis of the state and federal charges occurred on April 18, 2002. On May 28, 2002, Petitioner made his initial appearance in federal district court. On June 6, 2002, Petitioner was sentenced to a two to four year term of imprisonment on the Nebraska state drug conspiracy charge. Subsequently, Petitioner was transferred to the custody of the United States Marshals Service

pursuant to a writ of habeas corpus ad prosequendum. On November 15, 2002, Petitioner plead guilty in federal district court to conspiracy to distribute methamphetamine. On February 7, 2003, the district court sentenced Petitioner to 121 months' imprisonment. During the sentencing hearing, the district court stated that Petitioner "shall be given credit for the time he has already served from at least April 18, 2002." The court did not mention the issue of whether Petitioner's sentence would run concurrently or consecutively with his state sentence. After sentencing, Petitioner was returned to Nebraska state custody. On February 18, 2003, the district court entered judgment. In the judgment, the district court recommended that Petitioner be given credit for time served from at least April 18, 2002. The judgment is silent as to whether Petitioner's federal sentence was to run concurrently or consecutively with his state sentence. On April 24, 2003, Petitioner was paroled from his Nebraska state sentence and released to federal custody to serve the remainder of his federal sentence. On October 14, 2003, Petitioner was transferred to the Federal Correctional Complex in Forrest City, Arkansas, for service of his federal sentence.

Based on its mistaken belief that the district court recommended that Petitioner's federal sentence run concurrently with his state sentence, the Federal Bureau of Prisons ("BOP") subsequently awarded Petitioner pre-sentence credit on his federal sentence pursuant to Willis v. United States, 438 F.2d 923 (5th Cir. 1971), from the date of his arrest on April 18, 2002, through June 5, 2002, the day before his state sentence was imposed. The BOP designated, *nunc pro tunc*, that Petitioner's federal sentence should commence on the date of its imposition, February 7, 2003.

On January 9, 2006, Petitioner filed his § 2241 petition in this Court. Petitioner


contends that he is entitled under 18 U.S.C. § 3584(a) and § 5G1.3 of the United States Sentencing Guidelines to have time he spent in prison on the state charge credited against his federal sentence. Petitioner also contends that his federal sentence began running on April 18, 2002, and that the BOP erred in failing to consider his request for presentence credit toward his federal sentence, "for the time spent in service" of his state sentence, as "a request for nunc pro nunc designation." Petitioner also asserts that his "sentence computation" should be adjusted to commence on the date of his arrest, April 18, 2002, "by way of concurrent designation." He requests that "his federal sentence be served concurrently with his state sentence" and that "the District Court issue an order directing the BOP to designate the Mississippi Department of Corrections facility for service of his federal sentence nunc pro tunc to April 18, 2002."

Petitioner first contends that he is entitled under 18 U.S.C. § 3584(a) and § 5G1.3 of the United States Sentencing Guidelines to have time he spent in prison on the state charges credited against his federal sentence. Specifically, he alleges that the BOP has failed to credit him with (1) the time between the date of his arrest (April 18, 2002), and the date he was sentenced by the state court (June 6, 2002), and (2) the time between the date he was sentenced by the federal court (February 7, 2003), and the date he was paroled from his state sentence and released to federal custody to serve the remainder of his federal sentence (April 24, 2003). He requests that he be awarded the credit for this time.

The evidence submitted by Respondent Sanders demonstrates that Petitioner has received prior custody credit towards service of his federal sentence for the time period from April 18, 2002, the date he was arrested by Nebraska state authorities,

through June 5, 2002, the day before his Nebraska sentence was imposed. Thus, Petitioner's request for credit for the time between April 18, 2002, and June 6, 2002, is moot.

Petitioner also requests credit for the time period between February 7, 2003, the date he was sentenced to 121 months' imprisonment on the federal drug conspiracy conviction, and April 24, 2003, the date he was paroled from his Nebraska State sentence and released to federal custody to serve the remainder of his federal sentence. According to Petitioner's sentencing monitoring computation data, the date computation began on his federal sentence was February 7, 2003. Petitioner has been given 49 days jail credit for the time period from April 18, 2002, through June 5, 2002. Petitioner's expiration full term date is January 16, 2013, which is 121 months less 50 days from February 7, 2003. The Court finds that based on Petitioner's sentence monitoring computation data, he has been given credit on his federal sentence for the time period between February 7, 2003, and April 24, 2003. Therefore, his request for credit for this time period is moot.

Petitioner also contends that his federal sentence began running on the date of his arrest, April 18, 2002. "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); Coloma v. Holder, 2006 U.S. App. LEXIS 8800 at 6  (11th Cir. April 11, 2006); Weekes v. Fleming, 301 F.3d 1175, 1181-82 (10th Cir. 2002), cert. denied, 537 U.S. 1146 (2003); Lerario v. United States, 371 F. Supp. 2d 633, 635 (M.D. Pa. 2005). "A federal sentence cannot commence prior to the

date it is pronounced . . . ." <u>Coloma</u>, 2006 U.S. App. LEXIS 8800 at 6 (quoting <u>United States v. Flores</u>, 616 F.2d 840, 841 (5th Cir. 1980)). Petitioner was not even sentenced on his federal conviction until February 7, 2003. Thus, his federal sentence could not have commenced prior to February 7, 2003. Petitioner's contention that his federal sentence began running on April 18, 2002, is legally baseless.

Petitioner contends that the BOP erred in failing to consider his request for presentence credit toward his federal sentence, "for the time spent in service" of his state sentence, as "a request for nunc pro nunc designation." Petitioner asserts that his "sentence computation" should be adjusted to commence on April 18, 2002, "by way of concurrent designation." He requests that "his federal sentence be served concurrently with his state sentence" and that "the District Court issue an order directing the BOP to designate the Mississippi Department of Corrections facility for service of his federal sentence nunc pro tunc to April 18, 2002."

Title 18 U.S.C. § 3584(a) provides:

Imposition of concurrent or consecutive terms. If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Under § 3584(a), "[t]here is a presumption that a federal sentence imposed after a prior state sentence will be served consecutively to the state sentence." <u>Weekes</u>, 301 F.3d at 1179.

The version of United States Sentencing Guideline § 5G1.3 in effect at the time of Petitioner's sentencing on his federal drug conspiracy conviction provided:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
>
> (c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3(b) (2002).

Pursuant to § 5G1.3(b), the sentencing court has the authority to adjust a defendant's federal sentence by reducing it to account for time already served on a preexisting sentence. Coloma, 2006 U.S. App. LEXIS 8800 at 5; Ruggiano v. Reish, 307 F.3d 121, 128 (3rd Cir. 2002); Bailey v. Nash, 2005 U.S. App. LEXIS 8954 at 4 (3rd Cir. May 18, 2005).

Whether a prisoner who committed a federal offense after November 1, 1987, receives "credit" for time spent in custody is governed by 18 U.S.C. § 3585. Kendrick v. Carlson, 995 F.2d 1440, 1444 n. 3 (8th Cir. 1993). Section 3585 provides:

Calculation of term of imprisonment

(a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting

transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Section 3585 does not authorize a district court to award "credit" at sentencing. United States v. Wilson, 503 U.S. 329, 333-335 (1992). The issue of crediting is the responsibility of the Attorney General, through the BOP. Id. at 335.

There is absolutely no indication from the judgment or the transcript of the sentencing hearing that the district court intended to run Petitioner's federal sentence concurrently with his state sentence. The term "concurrent" was not mentioned at the hearing or in the judgment. Furthermore, Petitioner does not allege, and it is not readily apparent from the record, that the requirements of § 5G1.3(b) were met, that is, "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense." There is no evidence suggesting that the district court was applying § 5G1.3(b). Although the district court stated that Petitioner should receive "credit for the time he has already served from at least April 18, 2002," and recommended in its judgment that Petitioner received such credit, the Court finds that this was a non-binding recommendation to the BOP to award credit for time served under §3585(b). See Bailey v. Nash, 2005 U.S.

-7-

App. LEXIS 8954 at 5; Torres v. Brooks, 2000 U.S. App. LEXIS 2220 at 3-4 (10th Cir. Feb. 15, 2000). Absent some indication from the district court that Petitioner's federal sentence was to run concurrently with his state sentence, the BOP has no obligation to (1) adjust Petitioner's "sentence computation" to commence on April 18, 2002, "by way of concurrent designation," (2) allow him to serve his federal sentence concurrently with his state sentence, or (3) "designate the Mississippi Department of Corrections facility for service of his federal sentence nunc pro tunc to April 18, 2002."[1]

---

[1] Even if the district court had run Petitioner's federal sentence concurrently with his state sentence, Petitioner would not be entitled to the relief he requests. As held by the Eleventh Circuit in its well-reasoned decision in Coloma v. Holder, the term "concurrently," as used in § 5G1.3(b), does not mean retroactive to the beginning of the first sentence (in this case June 6, 2002). Coloma v. Holder, 2006 U.S. App. LEXIS 8800 at 5-6 (finding that this interpretation keeps § 5G1.3(b) consistent with 18 U.S.C. § 3585, which states that service of the sentence commences when the defendant arrives in prison). See also Button v. United States, 2004 U.S. App. LEXIS 8670 at 2 (5th Cir. 2004) (rejecting petitioner's argument that a concurrent sentence under § 5G1.3(b) is retroactively concurrent with the full term of his undischarged sentence). Contra Ruggiano v. Reish, 307 F.3d at 128 (concurrently, as used in § 5G1.3(b), "means fully or retroactively currently, not simply concurrently with the remainder of the defendant's undischarged sentence"). Accordingly, "concurrently" certainly does not mean retroactive to the date of arrest (in this case April 18, 2002). As previously noted, the BOP already has given Petitioner credit for (1) the time between the date of his arrest and the date he was sentenced by the state court (June 6, 2002), and (2) the time between the date he was sentenced by the federal court (February 7, 2003), and the date he was paroled from his state sentence and released to federal custody to serve the remainder of his federal sentence (April 24, 2003). While the BOP apparently has not given Petitioner's credit for the time period between the date he was sentenced by the state court and the date he was sentenced by the federal court, Petitioner has not specifically requested this credit in his petition. Furthermore, to the extent the state court has credited him with this time, he is not entitled to credit for this time on his federal sentence. Under § 3585(b), a defendant cannot receive credit on his federal sentence when he received credit toward his state sentence for the same time period. United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993), cert. denied, 511 U.S. 1059 (1994). See United States v. Wilson, 503 U.S. at 337 (1992) (in enacting 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time").

See Carroll v. Peterson, 2004 U.S. App. LEXIS 16175 at 3 (10th Cir. Aug. 5, 2004). To the extent Petitioner is asking this Court to review the federal district court's sentence, including the court's failure to run his federal sentence concurrently to his state sentence, the Court finds that 28 U.S.C. § 2255, not § 2241, provides the appropriate remedy. Coloma, 2006 U.S. App. LEXIS 8800 at 5 n. 5; Wilson v. Reese, 2004 U.S. App. LEXIS 5071 at 2 (5th Cir. 2004).

THEREFORE, the Court dismisses Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with prejudice.

IT IS SO ORDERED this 1st day of May, 2006.

_____
UNITED STATES MAGISTRATE JUDGE